UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MB FINANCIAL BANK, N.A.,

    Plaintiff,

v.                                       Case No. 16-11052

HOLLY STRUTHERS, et al.,

    Defendants.
                                               /

**ORDER DENYING IN PART PLAINTIFF'S "MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION," AND SETTING A PRELIMINARY INJUNCTION HEARING**

On March 22, 2016, Plaintiff filed its Complaint (Dkt. # 1), and promptly served each of the Defendants the next day. About a week and a half later, on April 1, 2016, Plaintiff filed a "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction." (Dkt. # 4.) The motion was served on Defendants via first class mail on April 4, 2016. The court has reviewed the Motion and determined that the requirements for issuing a temporary restraining order are not met in this case.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing

>   the efforts, if any, which have been made to give the notice and the
>   reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).  When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]."  *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).  These factors are "interrelated considerations that must be balanced together," not independent prerequisites.  *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]."  *Id.* (citing *Griepentrog*, 945 F.2d at 153).

In addition to injunctive orders in various forms, Plaintiff specifically seeks "compensatory, punitive, and exemplary damages," and an "award [of] Plaintiff attorneys' fees and costs herein." (Dkt. #1, Page ID 18).  With that, Plaintiff indicates with sufficient clarity that the damages sought are, in fact, measurable in money, and that the injuries complained of commensurately reparable. For those reasons, based upon and limited to the facts averred in the instant Complaint and Motion, Plaintiff fails to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Accordingly,

IT IS ORDERED that Plaintiff's "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction" (Dkt. # 4) is DENIED IN PART.  Specifically, it is DENIED with respect to the request for a temporary restraining order.

IT IS FURTHER ORDERED that Plaintiff must serve this order on each of the Defendants individually by no later than **Monday, April 11, 2016.** The court will then conduct a telephone conference on **Friday, April 22, 2016 at 10:00 a.m.** to discuss and seek agreement on the logistics of a preliminary injunction hearing in the form of a non-jury trial.  The court will initiate the call.

FINALLY IT IS ORDERED that the court will conduct a hearing on the request for a preliminary injunction on **Wednesday, May 4, 2016 at 9:30 a.m.**[1]  <u>Natural parties and entity party representatives with fully dispositive settlement authority are required to appear.</u>

                                                      s/Robert H. Cleland
                                                      ROBERT H. CLELAND
                                                      UNITED STATES DISTRICT JUDGE

Dated:  April 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 7, 2016, by electronic and/or ordinary mail.

                                                      s/Lisa Wagner
                                                      Case Manager and Deputy Clerk
                                                        (313) 234-5522

---

[1] Should the parties settle this case prior to the hearing, the parties should inform the court immediately.  The hearing on the request for a preliminary injunction will then be cancelled.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-11052.MBFINANCIAL.tro.deny.jah.final.wpd