UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MB FINANCIAL BANK, N.A.,

    Plaintiff,

v.                                    Case No. 16-11052

HOLLY STRUTHERS, *et. al.*,

    Defendants.

                                          /

**OPINION AND ORDER DENYING DEFENDANTS' "MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE"**

Pending before the court is a "Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue,'" filed by Defendants Holly Struthers, Douglas Bland, Scott Burchett, and Jennifer Gibbons. (Dkt. # 6.) Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Plaintiff MB Financial is an Illinois corporation headquartered in Chicago. (Dkt. # 6, Pg. ID 172.) In 2014, the company acquired Cole Taylor Bank. (*Id.*) Prior to commencement of this litigation, each of the Defendants was employed by Plaintiff or its predecessor as an area sales manager for several years, living and working in separate states. (*Id.* at Pg. ID 172-73.) Struthers was located in Texas, Burchett in Georgia, and Gibbons and Bland both in California. (*Id.*) Despite their remote locations, during the course of employment, each Defendant maintained regular, daily contact with Plaintiff's Ann Arbor office via email and telephone. (Dkt. # 8-2, Pg. ID 297.) They also attended

annual training meetings held there. (Dkt. # 8-2, Pg. ID 299-300; Dkt. # 8, Pg. ID 282.)

Between January 29, 2016 and February 5, 2016, each of the Defendants tendered their resignation and subsequently commenced working for one of Plaintiff's competitors, Home Point Financial Corporation. (*Id.* at 172-74.) Plaintiff alleges that prior to resigning, each Defendant transferred large quantities of confidential business files from company servers located in Michigan to personal email or cloud accounts.

Accordingly, Plaintiff filed a "Motion for Temporary Restraining Order and Motion for Preliminary Injunction" seeking a court order "enjoining Defendants from using or disclosing any trade secrets or confidential business information of MB Financial, directing Defendants to return to MB Financial all trade secrets and confidential business information they misappropriated" and take other actions to remedy the alleged misappropriation of confidential files. (Dkt. # 3, Pg. ID 34.) The court denied Defendants' motion for a temporary restraining order and set an initial hearing on the motion for a preliminary injunction. (Dkt. # 5.) Defendants then filed the instant Motion seeking dismissal for lack of personal jurisdiction and improper venue. (Dkt. # 6.)

## II. STANDARD

### A. Personal Jurisdiction

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). "A district court, in its discretion 'may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d

430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). However, when the court has elected to proceed without discovery or a hearing, the evidence is considered in the light most favorable to the plaintiff: the plaintiff must only make a *prima facie* case, and the court does not consider the "controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). In addition, the plaintiff must follow the general guidelines for pleading standards—the plaintiff must allege specific facts to show the standard has been met for personal jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (stating that complaints must follow federal pleading standards for personal jurisdiction issues as well).

A federal court's exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). For Michigan, the courts have determined Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fairplay and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary

connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

### B. Venue

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the plaintiff's complaint for improper venue. Fed. R. Civ. P. 12(b)(3). On a 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper. *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). The court may examine facts outside of the complaint but must draw reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.* If the court finds that venue is improper, it has the discretion to decide whether the case should be dismissed or transferred to the district in which it could have been brought. *Id.*; 28 U.S.C. § 1406(a).

### III. DISCUSSION

### A. Personal Jurisdiction

Personal jurisdiction issues in Michigan courts are governed by the state's long-arm statute, Mich. Comp. Laws §§ 600.715 (corporations) & 600.705 (individuals). For purposes of this motion, Defendants are subject to limited personal jurisdiction if they transacted any business within the state and Plaintiff's cause of action arose out of that transaction.

Further, Michigan courts and courts within this circuit have consistently held that Michigan's long-arm statute extends as far as the Fourteenth Amendment's Due

Process Clause allows. *See Neogen Corp.*, 282 F.3d at 888 ("The 'transaction of any business' necessary for limited personal jurisdiction under § 600.715(1) is established by 'the slightest act of business in Michigan.'") (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1998); *see also Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) ("The standard for deciding whether a party has transacted any business under § 600.715(1) is extraordinarily easy to meet. '[T]he only real limitation placed on this [long arm] statute is the due process clause.'") (citation omitted). Accordingly, if jurisdiction over Defendants in this court is proper under the Fourteenth Amendment, it is also proper under Michigan's long-arm statute.

Due process is satisfied if the defendants have "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In order to find limited personal jurisdiction, a plaintiff needs to demonstrate three key factors: (1) the defendant must "purposefully avail himself of the privilege of doing acting in the forum state;" (2) "the cause of action must arise from the the defendant's activities there;" and (3) "the acts of the defendant . . . must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). All three factors must be present to allow for a finding of limited personal jurisdiction, and all three factors are indeed present here.

### 1. Purposeful Availment

The Sixth Circuit has found that "[p]urposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the

defendant himself that create a substantial connection with the forum state . . . ." *Beydoun v. Wataniya Rests. Holding, Q.S.C.,* 786 F.3d 499, 505-06 (6th Cir. 2014). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts," or the actions of a third-party. *Burger King,* 471 U.S. at 475. Nevertheless, "the Court does not have to find that [a defendant] was physically present in Michigan in order to fulfill the purposeful availment requirement." *ACS Consultant Co., Inc. v. Williams,* No. 06-11301, 2007 WL 674608, at *7 (E.D. Mich. March 5, 2007) (Zatkoff, J.) (citing *Burger King,* 471 U.S. at 476; *Compuserve, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996) (finding defendant had purposefully availed himself of forum state even though he had never physically been there)). While "*isolated* phone calls" or other electronic communications alone are insufficient to satisfy this prong, *Alex Pallet Sys., LLC v. Bifworld, Inc.,* No. 13-13567, 2013 WL 6885175, at *3 (E.D. Mich. Dec. 31, 2013) (Cleland, J.) (emphasis added); *see also Kerry Steel, Inc. v. Paragon Indus., Inc*., 106 F.3d 147 (6th Cir. 1997), *regular* business contact with individuals in the forum state "through mail or telephone . . . can constitute contact sufficient to confer personal jurisdiction," *Superior Consulting Co., Inc. v. Walling,* 851 F. Supp. 839, 844 n.6 (E.D. Mich. 1994) (Cohn, J.).

For example, in another case with a similar fact pattern*,* another judge in this district exercised personal jurisdiction over a defendant who had only visited the state of Michigan once for a couple of days because the defendant had:

> (1) Traveled to Michigan for training and to meet Plaintiff personnel and become familiar with Plaintiff corporate culture;
>
> (2) On a regular basis, utilized Plaintiff's e-mail system and accessed Plaintiff's proprietary software, both of which are maintained on Plaintiff's servers located in

6

    Michigan;

    (3) Participated regularly in telephone conference calls with Plaintiff's executives in Michigan as part of his employment with Plaintiff;

    (4) E-mailed reports to Plaintiff in Michigan; and

    (5) Accessed the Plaintiff system in Michigan for many purposes, including to misappropriate Plaintiff's trade secrets, to raid its valuable skills database, and to thwart its recuriting.

*ACS Consulting,* 2007 WL 674608, at *7.

    Here, the contacts with the forum state are even stronger than in *ACS Consulting*. First, each of the Defendants made repeated trips to Michigan for training at annual Area Manager Roundtable Meetings and Annual National Summer Sales Meetings, for a combined total of at least sixty-nine days. (Dkt. # 8-2, Pg. ID 299-300; Dkt. # 8, Pg. ID 282.)  Second, the affidavit of Daniel Ervin demonstrates that "[t]hough working remotely, each of the Defendants was regularly in daily contact with the Ann Arbor office [of MB Financial], often dozens of times per day, by telephone and or electronically through email communications" for business purposes. (Dkt. # 8-2, Pg. ID 297.) This frequent correspondence was necessary because none of the Defendants' loan transactions "originat[ing] with [Plaintiff's] business clients [could] occur . . . unless and until it [was] processed through the Ann Arbor operations team." (*Id.* at Pg. ID 298.) Third, Defendants accessed and allegedly misappropriated documents stored in servers physically located in Michigan. (*Id.* at Pg. ID 302.) Contrary to Defendants' assertions, the court cannot conclude that all of these contacts were simply "random and fortuitous." (Dkt. # 6, Pg. ID 184.) When viewed collectively in the light most favorable to Plaintiff, these electronic and physical contacts are sufficient to establish purposeful

7

availment.

### 2. Arising From

"To satisfy the 'arising from' [test,] the plaintiff must demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Beydoun,* 768 F.3d at 506-07. Defendants argue that this prong is not met because their "alleged wrongful acts of forwarding emails do not arise from any of the alleged, Michigan-related activities." (Dkt. # 6, Pg. ID 186.) The court disagrees. All of the actions contributing to the cause of action need not have occured within the forum state: it is enough if the cause of action arise "at least in part, in Michigan." *ACS Consulting,* 2007 WL 674608, at *7. While Defendants may not have been present in the forum state at the time of the alleged transfers, the confidential and proprietary information transferred was. Plaintiff developed, maintained, and stored these records on Plaintiff's servers which were physically located in Michigan. (Dkt. # 8-2, Pg. ID 302.) This, alone, is sufficient to create a causal nexus between Defendants' contacts with the state and Plaintiff's cause of action.

### 3. Reasonableness

The "reasonableness analysis is a function of three factors: '[1] the burden on the defendant, [2] the interests of the forum State, and [3] the plaintiff's interest in obtaining relief." *Beydoun,* 768 F.3d at 508. Defendants argue that "all three factors dictate that it would be unreasonable to hale Defendants into a court in Michigan" because Defendants "have no presence in Michigan;" all of "the alleged improper activities took place outside the state;' and the plaintiff is a non-Michigan resident. (Dkt. # 6, Pg. ID 188.) Each of these arguments falls short.

First, it would be a stretch to say that Defendants have *no* presence within the state. As mentioned above, each of them enjoy extensive work contacts with the forum, and have for several years. Furthermore, their current employer, Home Point Financial, is headquartered in Ann Arbor. (Dkt. # 1, Pg ID 4.) Any burden imposed by their current geography would be relatively slight. Second, while none of the parties are Michigan residents, much of the evidence and many of the witnesses are from Michigan, providing the state with an interest in the outcome of the litigation. *See, e.g. World-Wide Volkswagen Corp. V. Woodson,* 444 U.S. 286, 583 (1980) (dissenting, Brennan, J.) (finding that the presence of '[e]ssential witnesses and evidence" within the forum state a factor in determining the interests of the forum state); *Bryant v. Salvi,* 141 F. App'x 279, 283 (5th Cir. 2005) (finding that the presence of evidence within the forum state a factor in determining the interests of the state). Third, the Plaintiff's residence is not dispositive. *Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.,* 2011 WL 1120106 (E.D. Mich. March 24, 2011). Plaintiff maintains a strong presence within Michigan, employing over 400 workers in its Ann Arbor office. "[I]t seems self-evident that, in the absence of specific indications of the unsuitability of the chosen forum, the plaintiff's interest in obtaining relief . . . [is] best served by respecting the plaintiff's choice of forum." *Strippit, Inc. v. Household Utilities, Inc.,* No. 88-1173, 1989 EL 103673 (W.D.N.Y Sept. 1, 1989). The court sees no reason to deprive Plaintiff of its choice. Accordingly, exercising personal jurisdiction over each Defendant is reasonable.

The court will deny this aspect of Defendants' Motion.

### B. Venue

> A civil case may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff argues that venue is proper in the Eastern District of Michgian under § 1391(2) because "a susbtantial part of the events occur in this venue because it has a substantial connection to MB Financial's claims." (Dkt. # 8, Pg. ID 291 (internal quotations omitted).) The court agrees. As mentioned above, the confidential and proprietary information allegedly transferred by Defendants to their personal email and cloud accounts were developed, maintained, and stored within the district. This, alone, is sufficient to establish venue. *See First of Mich. Corp. V. Bramlet,* 141 F.3d 260, 263 (6th Cir. 1998) ("[I]n diversity of citizenship cases the plaintiff may file his complaint in *any* forum where a substantial part of the events or omissions giving rise to the claim arose; this includes *any* forum with a substantial connection to the plaintiff's claims.") (emphasis added). The court will deny this aspect of Defendants' Motion.

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue" (Dkt. # 6) is DENIED.

                              S/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated: May 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2016, by electronic and/or ordinary mail.

                              S/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522